[No. 36200.    Department Two.    January 3, 1963.]

HOUSEHOLD FINANCE CORPORATION OF KELSO, *Appellant*, v. SIGWARD H. CORBY *et al.*, *Respondents.**

*Walter H. Robinson* and *Robinson, Landerholm, Memovich & Lansverk,* for appellant.

HUNTER, J.—This is an appeal from the dismissal of a suit instituted by the plaintiff, Household Finance Corpora-

*Reported in 377 P. (2d) 441.

tion of Kelso, against the defendants, Sigward H. Corby and Sherry Corby, husband and wife, on a promissory note payable by the defendants to the plaintiff and the granting of defendants' counterclaim for attorney fees and costs.

On September 25, 1959, the plaintiff (appellant) made a loan of $407.34 to the defendants (respondents) and obtained, in return therefor, a note signed by both defendants and a chattel mortgage on defendants' household furnishings. Approximately one month later, on October 21, 1959, Sigward H. Corby (hereafter referred to as Corby) petitioned the local federal bankruptcy court on behalf of "Sigward Hamilton Corby and Sherry Arminta Corby, a marital community" for a discharge in bankruptcy. One filing fee was paid. A discharge for the marital community, as described in the words quoted above, was thereafter received.

On December 30, 1959, following the discharge in bankruptcy, Corby signed a reaffirmation endorsement on the reverse side of plaintiff's note, which had been duly scheduled in the bankruptcy proceedings, reading as follows:

"The undersigned, notwithstanding his adjudication in bankruptcy and any discharge heretofore or hereafter granted thereon, hereby reaffirms and agrees to pay the unpaid balance of the within note, with interest, according to the terms thereof. Unpaid Balance $407.34 Interest paid to September 25, 1959"

The note was reaffirmed before plaintiff's Kelso branch manager, Mr. Jacobson, and his assistant, Mr. Hoffenbacka, who had come to Corby's residence and had talked with him for about five to ten minutes before obtaining his signature. The evidence regarding this meeting is in conflict, but the court found that these two men came to Corby's residence at night, uninvited, and that Corby signed a reaffirmation endorsement under the threat and in fear of criminal prosecution and confinement in jail. Although these precise words of threat were not used, the court was entitled to find that the conversation during the

meeting led Corby to this understanding. Mrs. Corby did not sign the reaffirmation endorsement.

At this time Corby and his wife were separated. Shortly thereafter, Mrs. Corby filed for divorce. No divorce decree was granted, however, and some time in March, 1960, after a period of 3 months' separation, they reunited and resumed living together.

Following his reaffirmation, Corby moved from Kelso to Longview. There Corby was contacted by plaintiff's Longview branch manager to collect payments on the note. After the Corbys reunited, five payments—which were the only payments made—were applied by Corby on the note during the months of March and April. On September 1, 1960, plaintiff brought this suit on the note and reaffirmation endorsement in conjunction with the issuance of a writ of garnishment to Corby's employer.

At the close of the evidence, the trial court entered judgment dismissing the plaintiff's suit and granting the defendants $250 attorney fees with costs. The court found that the promissory note was properly discharged in bankruptcy and, the defendants having raised this defense, the plaintiff's recovery was barred; that the plaintiff's agents obtained the reaffirmation from Corby involuntarily under threat and coercion; that Mrs. Corby was separated from her husband and not present at the time the reaffirmation was signed and did not know of or consent to it; and that no possible benefit was gained by the marital community nor consideration received therefor.

The plaintiff contends that the bankruptcy proceedings did not discharge the marital community because the jurisdiction of the bankruptcy court is limited to natural persons and recognized legal entities; that a "marital community" is not recognized in Washington or by the bankruptcy court as a legal entity, and thus the discharge for "Sigward Hamilton Corby and Sherry Arminta Corby, a marital community" is void.

This contention is without merit. The marital community, consisting of the husband and wife, having

the capacity under the laws of Washington to incur debts, has the right to have them discharged in bankruptcy. The husband, as agent of the marital community, has the authority to file a petition in bankruptcy in behalf of the community. The petition filed by Corby gave the bankruptcy court jurisdiction of Corby and his wife, who constitute the marital community, and, therefore, the discharge by the bankruptcy court was valid.

The plaintiff contends the court erred in finding that the reaffirmation endorsement by Corby was not for the benefit of the community and that it did not bind the community.

■   As argued by the plaintiff, Corby is presumed, as managing agent of the community, to have acted for the benefit of the community at the time of the reaffirmation endorsement. *Fies v. Storey,* 37 Wn. (2d) 105, 221 P. (2d) 1031 (1950); *Sun Life Assur. Co. v. Outler,* 172 Wash. 540, 20 P. (2d) 1110 (1933). However, this presumption may be overcome by evidence showing the transaction was not carried on for the community and in the community interest. *Sun Life Assur. Co. v. Outler, supra; Hanley v. Most,* 9 Wn. (2d) 429, 115 P. (2d) 933 (1941).

We believe the finding of the trial court that the reaffirmation did not benefit the community is supported by substantial evidence which overcomes this presumption. Corby, at the time of signing the reaffirmation endorsement, was separated from his wife and had knowledge that she was in the process of instituting divorce proceedings. Shortly before, the community had scheduled plaintiff's note in the bankruptcy proceedings. No threats were made with reference to the mortgage nor any evidence introduced indicating Corby intended to protect the community assets by avoiding foreclosure on the household furnishings. Corby's purpose in endorsing the reaffirmation, as found by the trial court in its memorandum decision and as supported by substantial evidence in the record, was to avoid criminal prosecution.

■   The plaintiff contends, however, that the payments made by Corby in March and April, after reuniting with

Mrs. Corby, constituted ratification by the community of the reaffirmation endorsement. This contention is not supported by the record. There is no evidence disclosing Mrs. Corby had knowledge of or consented to the subsequent payments by Corby.

We need not consider the remaining contentions of the plaintiff in view of our disposition of this appeal.

The judgment of the trial court is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.