In re Elna Kay BROOKS, Debtor.

**WASHINGTON MUTUAL SAVINGS BANK, Appellant,**

v.

**Nancy JAMES, Trustee, Appellee.**

BAP No. WW 8–1321–AsEMe.

Bankruptcy No. 86–00062.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted July 24, 1987.

Decided Oct. 8, 1987.

Susan G. Loitz, Riddell, Williams, Bullitt & Walkinshaw, Seattle, Wash., for appellant.

Kathryn E. Cashin, Davis, Wright & Jones, Seattle, Wash., for appellee.

Before ASHLAND, ELLIOTT, and MEYERS, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Washington Mutual Savings Bank appeals from an order voiding its interest in the debtor's real property. We must decide whether the re-recording of a deed of trust which technically violated the stay imposed by Bankruptcy Code § 362 in a husband's bankruptcy may, on that ground, be avoided by the trustee in a wife's subsequent bankruptcy. We hold that the lien may not be avoided and reverse.

## FACTS

On October 1, 1984 Washington Mutual Savings Bank loaned approximately $60,-000 to Wiley Dean Brooks and Elna Kay Brooks, then husband and wife. The bank accepted a deed of trust on real property as security and recorded the deed on October 3, 1984.

Sometime after this transaction, the bank realized that a mistake regarding the legal description existed in the document. The bank corrected the mistake and re-recorded the deed on June 5, 1985. Unknown to the bank, on June 3, 1985, Wiley Brooks had filed a Chapter 7 bankruptcy, thereby invoking the automatic stay. 11 U.S.C. § 362.

The trustee in the Wiley Brooks bankruptcy did not object to the re-recordation by the bank. The bankruptcy court discharged Wiley Brooks on September 18, 1985.

In September 1986 Wiley and Elna Brooks divorced.

On December 6, 1986 Elna Brooks filed bankruptcy. The Chapter 7 trustee in this bankruptcy attacked the re-recordation by the bank. On March 13, 1987 the bankruptcy court held the following: the trustee could attack the deed only if it was void from its inception; Washington state law allows unilateral re-recordation to correct mutual mistakes; the act by the bank violated the automatic stay in the bankruptcy of Wiley Brooks, therefore collateral attack

by Elna Brooks' trustee was allowed. The bank timely filed this appeal on March 23, 1987.

## DISCUSSION

■ The automatic stay provision of Bankruptcy Code § 362 benefits the debtor. *See*, S.Rep. No. 95–989, 95th Cong., 2d Sess. 49—51 (1978). A Chapter 7 trustee has the option to avoid a lien which is created in violation of the automatic stay. Sections 541 through 549 outline the specific powers of the trustee to avoid liens and to retrieve property of the estate. 11 U.S.C. §§ 541–549.

The wording of § 549, which specifically addresses post-petition transfers, indicates that a transfer made in violation of the stay may be voidable at the trustee's discretion. "[T]he trustee *may* avoid a transfer of property of the estate—(1) that occurs after the commencement of the case; ..." 11 U.S.C. § 549 (emphasis added). *In re Fuel Oil Supply and Terminaling, Inc.*, 30 B.R. 360, 362 (Bankr.N.D.Tex. 1983), states that since the stay benefits the debtor, a trustee's avoidance powers should be viewed as discretionary. *See*, *In re Stivers*, 31 B.R. 735 (Bankr.N.D.Cal. 1983).

This suggests that a post-petition transfer in violation of the stay is not absolutely void once committed, but rather voidable. Subsections (b) and (c) of § 549 describe specific instances when the trustee may not avoid certain actions. Section 549 would have no purpose if post-petition transactions were treated as absolutely void.

Moreover, even if the trustee of Wiley Brooks had no knowledge of the recorded deed, his personal knowledge is not relevant. *See*, *In re Gurs*, 27 B.R. 163 (9th Cir. BAP 1983). In *Gurs* the court stated that the Code does not create any extra "bona fide purchaser" rights for trustees under § 544(a)(3). A trustee must still check the public records and be aware of encumbrances as would any purchaser. *See*, *In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987).

Section 549(d) states that an action to recover property may not be commenced after the case has been closed. 11 U.S.C. § 549(d)(2). *See, In re Weiman*, 22 B.R. 49 (9th Cir. BAP 1982); *In re Wilson*, 4 B.R. 605 (Bankr.E.D.Wash.1980). Wiley Brooks' bankruptcy closed almost two years ago. Therefore, even if this court were to find the re-recordation invalid under the facts of this case, the time to avoid it has expired. The validity of the bank's lien went uncontested by Wiley Brooks' trustee thus the statute of limitations has run on the trustee's avoidance powers. Other parties affected by the stay are afforded no substantive or procedural rights under these provisions of the Bankruptcy Code. *In re Stivers*, 31 B.R. 735 (Bankr.N. D.Cal.1983). Consequently, if the debtor or the trustee chooses not to invoke the protections of § 362, no other party may attack any acts in violation of the automatic stay.

Furthermore, Washington is a community property state in which property "acquired after marriage by either husband or wife or both[ ] is community property. Either spouse, acting alone, may manage and control community property,...." Wash. Rev.Code Ann. § 26.16.030 (1986). In *Household Finance Corp. of Kelso v. Corby*, 61 Wash.2d 184, 377 P.2d 441 (1963), the court stated that actions in bankruptcy court can have effects on the community property.

> The marital community, consisting of the husband and wife, having the capacity under the laws of Washington to incur debts, has the right to have them discharged in bankruptcy. The [ ] agent of the marital community [ ] has the authority to file a petition in bankruptcy on behalf of the community. The petition filed by Corby (the husband) gave the bankruptcy court jurisdiction of Corby and his wife, ... and therefore, the discharge by the bankruptcy court was valid.

*Household*, 377 P.2d at 442–43. Additionally, a rebuttable presumption exists that actions by an agent of the marital community are for the benefit of the community. *Household*, 377 P.2d at 443; *see, National Bank of Commerce of Seattle v. Green*, 1 Wash.App. 713, 463 P.2d 187, 190 (1969). Moreover, the community property of Wiley and Elna Brooks became property of the estate in the Wiley Brooks bankruptcy. § 541(a)(2).

The trustee cites *In re Sambo's Restaurants*, 754 F.2d 811 (9th Cir.1985), for the proposition that violations of stay are absolutely void. A closer look at the case reveals that it actually supports the idea that a technical violation of stay will not necessarily make that violation void. In *Sambo's*, the claimant filed a wrongful death action in a district court of Alabama. Unknown to her, Sambo's had previously filed a Chapter 11 bankruptcy in California. When the claimant learned of the bankruptcy action, she attempted to join the bankruptcy action with her proof of claim but the court dismissed it. The appellate court held that the complaint should be accepted as an informal proof of claim, despite the violation of stay.

> The general rule is that actions taken in violation of the automatic stay are void.... But this rule usually is applied to transfers of property and the like. No case has been cited to us nor are we aware of any case that has discussed whether the automatic stay precludes such a complaint from being an amendable informal proof of claim.

*Sambo's* at 816–17.

The flexible reasoning expressed in *Sambo's* applies to this case. The bank merely cured a defect in a trust deed given as security for a loan. Wiley Brooks' trustee allowed the case to close without attacking the re-recording of the bank's lien. Elna Brooks' trustee is now barred from contesting the lien.

The facts of *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940), distinguish it from the authority cited above and the present case. In *Kalb* a state court allowed a foreclosure sale and eviction of the debtors during the pendency of the bankruptcy. This extreme situation is much more than a technical violation of a stay. It exceeded the authority of the

state court and was void for that reason. It disrupted the ability of the debtors to reorganize and discharge their debts.

Bankruptcy Code § 362(d) permits a court to grant relief from stay by ".terminating, annually, modifying, or conditioning such stay—." These varying powers show a Congressional intention that acts taken in violation of the stay are not void but voidable. Otherwise, there would be nothing to modify or condition.

## CONCLUSION

The violation of the automatic stay was voidable by the trustee of Wiley Brooks within the time period given by the Bankruptcy Code § 362(c)(2)(C). That trustee chose not to avoid the lien. Therefore, the trustee of Elna Brooks has no grounds, either directly or collaterally, for attacking the bank's security trust deed. Accordingly, the decision of the bankruptcy court is reversed.