**In re James M. LAMPKIN, Debtor.**

**Bankruptcy No. 89–4–1999–PM.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

July 24, 1990.

John S. Burson, Falls Church, Va., for Duval Fed. Sav. & Loan Ass'n.

Michael Ramsey, Baltimore, Md., for debtor Lampkin.

Thomas Lackey, Bowie, Md., Chapter 13 Trustee.

## MEMORANDUM OF DECISION

### (Motion to Reopen Case)

PAUL MANNES, Chief Judge.

Before the court is the motion of Duval Federal Savings & Loan Association ("Duval") to reopen debtor's case so that it may seek relief from the automatic stay *nunc pro tunc.* The court will deny the motion without prejudice.

## BACKGROUND

Debtor filed his bankruptcy case under Chapter 13 on June 22, 1989. The only creditor scheduled was Duval. When debtor's plan came on for confirmation, the court. found that debtor was unable to make the payments planned and further that there were numerous and substantial errors in the debtor's papers that he had failed to correct after being advised by the trustee to do so. The court denied debtor leave to file another plan as such efforts would be fruitless and cause further unreasonable delay. Thereupon debtor moved to dismiss the case. The order dismissing the case was entered October 26, 1989.

Duval was the secured creditor on debtor's residence at 209 Hill Road, Seat Pleasant, Maryland. In its motion, Duval states that it bought in the property sold at foreclosure on June 23, 1989. The Circuit Court for Prince George's County ratified the sale on October 19, 1989. Subsequent to the dismissal of the case, Duval transferred the property to the Secretary of Veteran Affairs. Duval claims it had no notice of the case until after the dismissal despite being listed on the matrix. The clerk's notice to Duval was not returned by the postal service.

Debtor's Chapter 13 statement did not reflect the impending foreclosure by Duval.

Debtor has not responded to the motion to reopen.

## DISCUSSION

The court will deny the motion without prejudice because what Duval ultimately seeks—a modification of the automatic stay *nunc pro tunc*—will be without avail. Duval must seek to have the stay annulled. While this may appear to be a semantic nicety, it is not without significance.

The distinction hinges on yet a further distinction, namely, whether actions taken in violation of the stay are void or voidable. Presently the circuit courts are split on this point. The Fifth Circuit believes that violations of the stay are voidable. *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989). The First, Second, Third, Sixth, Ninth, Tenth, and Eleventh Circuits believe that violations of the stay are void *ab initio. In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982); *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427 (2d Cir. 1987), *cert. denied* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); *In re Ward,* 837 F.2d 124 (3d Cir.1988); *Smith v. First American Bank, N.A.,* 876 F.2d 524 (6th Cir.1989); *In re Taylor,* 884 F.2d 478 (9th Cir.1989); *contra, In re Brooks,* 79 B.R. 479 (9th Cir. BAP 1987); *Ellis v. Consolidated Diesel Electric Corp.,* 894 F.2d 371 (10th Cir.1990); *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir. 1982). The Fourth Circuit has not spoken on the issue. This court previously has stated that violations of the stay are void. *In re Miller,* 10 B.R. 778 (BC Md.1981), *aff'd* 22 B.R. 479 (D.Md.1982). *Anglemeyer v. United States,* 115 B.R. 510 (D.Md. 1990) (restating the proposition).

The courts finding violations of the stay to be void often rely on the precedent of *Kalb v. Feuerstein;* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940). There, the Court ruling on a state court foreclosure in violation of § 75 of the Bankruptcy Act (former 11 U.S.C. § 203) suggested:

> from the moment the petition was filed and so long as it remained pending, operated, in the absence of the bankruptcy court's consent, to oust the jurisdiction

of the State court so as to stay its power to proceed with foreclosure, to confirm a sale, and to issue an order ejecting appellants from their farm, the action of the Walworth County Court was not merely erroneous but was beyond its power, void, and subject to collateral attack.

*Id.* at 438, 60 S.Ct. at 346. As a historical note, former Bankruptcy Rules were the immediate progenitors of 11 U.S.C. § 362(a) rather than § 75 of the Act. *See 2 Collier on Bankruptcy,* ¶ 362.01 (15th ed. 1990). Nonetheless, the reasoning in *Kalb* retains vigor. Another frequently cited authority is the pronouncement in *Collier* that actions taken in violation of the stay are void and without effect. 2 *Collier on Bankruptcy* ¶ 362.11 (15th ed.1990).

Although statements that stay violations are void can be sweeping, *e.g. Ellis,* 894 F.2d at 372, most courts when faced with a situation such as here recognize that exceptions exist to the rule. *E.g., Ward,* 837 F.2d at 126. Such an exception can be found in 11 U.S.C. § 549(c) that provides a trustee may not avoid a postpetition transfer to a good faith purchaser for value without notice of the case. An analogous exception is found in 11 U.S.C. § 542(c) that protects an entity without knowledge of the case that transfers property of the estate otherwise deliverable to the trustee.

The courts that consider stay violations voidable look upon §§ 542(c) and 549(c) not as exceptions to a general rule, but rather as evidence of a congressional intent that violations are voidable. *E.g., Global Marine,* 881 F.2d at 178–79. These courts emphasize the equitable powers of bankruptcy and the necessity to flexibly accommodate situations not encompassed by the specific exceptions set out in the Code. For example, the *Global Marine* court dealt with a personal injury suit filed in violation of the stay, which if found void would be time barred.

Into this conflict, this case injects the element of dismissal. The Code provides in 11 U.S.C. § 349(b):

### § 349. Effect of dismissal.

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The legislative history clarifies the inherent conflict between subsections (1)(B) and (3):

The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser. Where there is a question over the scope of the subsection, the court will make the appropriate orders to protect rights acquired in reliance of the bankruptcy case.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 338, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6294.

The court in *In re Sports & Science Ind., Inc.,* 95 B.R. 745 (BC C.D.Cal.1989) dealt with a situation somewhat similar to the one here. In *Sports & Science,* a foreclosure occurred after the filing of the petition, and the debtor filed an adversary proceeding to avoid the transfer. The case was dismissed when the parties reached an apparent settlement. When the agreement broke down, the debtor filed a second case and adversary proceeding alleging that defendant violated the automatic stay of

§ 362(a) and to invalidate the foreclosure. Relying on *In re Brooks*, 79 B.R. 479 (9th Cir. BAP 1987), the court found the foreclosure voidable and dismissed debtor's count for a violation of the stay. The court also dismissed debtor's count under § 549. Instead, the court found that a proper cause of action could be stated to unwind the foreclosure under § 349(b)(3) that revests the property in the debtor. The court allowed the debtor to amend its complaint accordingly.

This court will adhere to the general rule that violations of the stay are void. The present facts do not require the court to consider extending the exception recognized in § 549(c). Consonant with the power provided in 11 U.S.C. § 362(d), the court may annul the stay as to Duval in proper circumstances.

The effect of annulling the stay is to negate its existence in its entirety. *In re Albany Partners*, 749 F.2d 670 (11th Cir.1984); *Cf., In re Pinetree, Ltd.*, 876 F.2d 34 (5th Cir.1989). Recognizing the importance of the automatic stay, the court would hesitate to validate any unknowing violations by less than an annulment. For Duval to seek a modification of the stay, even a *nunc pro tunc* modification, would be to acknowledge the stay and therefore inconsistent with its asserted ignorance of the case.

The practical reality of the situation is that unless Duval can persuade the court to annul the stay, it must conduct another foreclosure of the property. This would prejudice it, the debtor, and the subsequent transferee and benefit no one. The reopening of the case in order to annul the stay might be avoided if the court were to find that the dismissal annulled the stay. However, such a finding is not supported by the language of § 349, and the court can find no authority for such a proposition. Although the court in *In re Carter*, 74 B.R. 613, 616 (BC E.D.Pa.1987) articulated the issue, it found deciding the issue of dismissal as annulling the stay unnecessary.

The somewhat circuitous approach required here is justified by the automatic stay being a bedrock policy upon which the Code is built and a fundamental debtor protection of the bankruptcy law. *In re Johns–Manville Corp.*, 57 B.R. 680, 685 (BC S.D.N.Y.1986); *In re Depew*, 51 B.R. 1010, 1013 (BC E.D.Tenn.1985); *Grady v. A.H. Robins Co., Inc.*, 839 F.2d 198, 200 (4th Cir.1988) (the importance of § 362 cannot be over-emphasized). The stay is the ship upon which debtors embark on their fresh start. To ensure the stay has not been knowingly or carelessly violated, the court will require a showing that good cause exists for the annulment of the stay under § 362(d). Although this may punish innocent parties, the Code allows no other solution. The cost is relatively small for the comfort required by those who seek to insure the title of property such as that at issue here. To rule otherwise rewards violation of the stay.

An order will be entered in accordance with the foregoing.