REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 435

September Term, 2014

SONIA KOCHHAR

v.

AMAR NATH BANSAL, ET AL.

Eyler, Deborah S.,
Reed,
Salmon, James P.
        (Retired, Specially Assigned),

                        JJ.

Opinion by Eyler, Deborah S., J.

Filed: February 27, 2015

In the United States Bankruptcy Court for the District of Maryland, Baljit Kochhar ("Baljit") and her daughter Sonia Kochhar ("Sonia") filed Chapter 13 bankruptcy petitions on October 2 and 5, 2012, respectively. Pursuant to 11 U.S.C. section 362(a), each bankruptcy petition "operate[d] as a stay, applicable to all entities, of – (1) the commencement . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy case]." The section 362(a) stay often is referred to as the automatic stay in bankruptcy.

On October 9, 2012, Amar Nath Bansal; Bina Bansal, his wife; Deepak Bansal, their son; and Shashi Jain, Bina's sister (collectively, "the Bansal family members"), filed in the Circuit Court for Montgomery County a "Complaint to Avoid and Recover Fraudulent Conveyances." The Bansal family members alleged that each of them had extended a loan or loans to Baljit, that Baljit had defaulted on the loans, and that each of them then had obtained judgments against her. They further alleged that Baljit, with knowledge of the judgments against her in their favor and with the intent to avoid her obligations on those judgments, made three conveyances of residential real property to Sonia for no consideration. The deeds evidencing these conveyances were attached to the complaint. The Bansal family members asked the court to set aside the three conveyances, permit the sheriff to levy on the properties to satisfy their judgments, order that the properties be retained to satisfy those debts, enter judgment against Baljit and Sonia for compensatory and punitive damages in an unspecified amount, and award attorneys' fees. When they filed suit, the Bansal family members did not know that Baljit and Sonia had filed bankruptcy petitions.

On October 25, 2012, Sonia and Baljit filed suggestions of bankruptcy giving the dates of their bankruptcy filings and the case numbers. From then until December 6, 2012, there was no activity in the circuit court case. The Bansal family members did not serve Sonia or Baljit during this time period or take any other action in the case.

Meanwhile, by order of the bankruptcy court entered on November 19, 2012, Sonia's bankruptcy case was dismissed for "failure to complete required filings" and the automatic stay was terminated as to her case. One week later, on November 26, 2012, Baljit's bankruptcy case was dismissed for the same reason and the automatic stay was terminated as to her case.

On December 7, 2012, the Bansal family members filed in the circuit court a "Motion to Set Aside Bankruptcy Stay of Proceedings." They attached copies of the two orders of the bankruptcy court dismissing the cases and terminating the automatic stay. The circuit court granted the motion on December 19, 2012.[1]

Baljit and Sonia were served on January 4, 2013. Sonia unsuccessfully moved to quash service.

On May 1, 2013, Sonia filed a motion to dismiss, arguing that the circuit court case was a "nullity at the time of filing" because it was commenced in violation of the automatic

---

[1]As counsel for the Bansal family members candidly acknowledged at oral argument, the automatic stays were terminated in the bankruptcy court and there was no need for the circuit court to take any action. The motion was filed simply to make the circuit court aware that the stays had been terminated.

stay, which had rendered the circuit court without "jurisdiction to hear matters involving Debtor or property of Debtor." She acknowledged that her bankruptcy case had since been dismissed and the automatic stay had been terminated, but argued that that did not "cure the jurisdictional defect that existed at the time of [the] filing [of the circuit court case]."

The Bansal family members filed an opposition to the motion to dismiss. They took the position that actions taken in violation of the automatic stay are voidable, not void. They argued that under the facts of this case -- where no action was taken in the circuit court until after the stay was terminated -- there was no prejudice to Sonia (or Baljit) and dismissal was not required.

On June 3, 2013, while Sonia's motion to dismiss was pending, the court entered an order of default against Baljit.

The circuit court held a hearing on Sonia's motion to dismiss and on July 23, 2013, entered an order denying it. She noted an appeal from that order, which was dismissed for failure to file an information report, as required by Rule 8-205(g).[2]

On March 14, 2014, the appellees moved for an order of default against Sonia. An order of default was entered on March 20, 2014. Sonia did not move to vacate it.

On April 21, 2014, the court held an *ex parte* hearing on damages.

---

[2]A period of inactivity followed the July 23, 2013 order occasioned by Baljit having filed a new bankruptcy petition, which gave rise to a second automatic stay. The bankruptcy court also dismissed that petition, terminating the stay.

On April 23, 2014, the court entered an order finding that Baljit was indebted to each of the Bansal family members in the amount of their judgments; that Baljit had made the three conveyances of real property to Sonia, alleged in the complaint; that each conveyance was made for no consideration at a time when Baljit was aware of the judgments against her; and that all the conveyances were fraudulent as a result. The court ordered the three conveyances "vacated and set aside," entered judgment against Sonia and Baljit jointly and severally for $335 in costs, and entered judgment against Sonia and Baljit jointly and severally for $15,362.50 in attorneys' fees.

Sonia noted a timely appeal from the judgment. She presents four questions, all of which amount to an attack on the circuit court's subject matter jurisdiction. For the reasons to follow, we conclude that the circuit court lacked subject matter jurisdiction over this case. We shall reverse the judgment.

## DISCUSSION

There is no dispute in this case that the automatic stay was in effect before suit was filed and that the action was filed in violation of the automatic stay. There also is no dispute that, when the Bansal family members filed suit, they did not know that Baljit and Sonia had filed bankruptcy petitions.

The issue in this appeal is what is the consequence, if any, of the instant action having been commenced when the automatic stay was in effect. Sonia, the appellant, contends the filing of a bankruptcy petition "serves to deprive a state court of jurisdiction over matters that

4

are then stayed." She maintains that, because the circuit court action was filed when the automatic stay was in effect, it was void *ab initio* and had to be dismissed for lack of subject matter jurisdiction upon the termination of the stay.

The Bansal family members, the appellees, respond that there is a split of authority as to whether suits commenced in violation of the automatic stay are void or merely voidable. They urge that, under the circumstances of this case, where there is no allegation that the appellees willfully violated the stay by commencing the circuit court case and where no action was taken in the circuit court once the existence of the bankruptcy petitions became known and until the bankruptcy stay was terminated, equitable considerations support the circuit court's decision to deny the motion to dismiss.

Because the Constitution vests exclusive control over the regulation of bankruptcy in Congress, Congress has the power to "oust the jurisdiction of state courts over bankruptcy matters by vesting exclusive jurisdiction in the federal courts." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 353 (4th Cir. 1998) (citing *Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940)). As the United States Supreme Court has explained,

> Congress, because its power over the subject of bankruptcy is plenary, may by specific bankruptcy legislation . . . render judicial acts taken with respect to the person or property of a debtor whom the bankruptcy law protects nullities and vulnerable collaterally . . . . The States cannot, in the exercise of control over local laws and practice, vest State courts with power to violate the supreme law of the land.

*Kalb*, 308 U.S. at 438-39.

5

Within the exercise of this authority, Congress enacted section 362(a), which, as stated above, causes an automatic stay, binding on all people and entities, to take effect immediately upon the filing of a bankruptcy petition. *Gilchrist v. General Elec. Capital Corp.*, 262 F.3d 295, 303 (4th Cir. 2001). The automatic stay is "a bedrock policy upon which the [Bankruptcy] Code is built and a fundamental debtor protection of the bankruptcy law." *In re Lampkin*, 116 B.R. 450, 453 (Bankr. D. Md. 1990). As the Court of Appeals has explained, the automatic stay

> is broad in scope and is intended to give the debtor a 'breathing spell' from his/her creditors, to allow time to formulate a repayment or reorganization plan, and to prevent a chaotic and uncontrolled scramble for the debtor's assets in a multitude of uncoordinated proceedings in different courts, by ensuring that all claims against the debtor, other than those exempted from the stay, will be brought in a single forum.

*Klass v. Klass*, 377 Md. 13, 22 (2003); *see also Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir.1983) (the automatic stay "'gives the debtor a breathing spell from its creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'" (quoting S. Rep. No. 95-989, 95th Cong., 2d Sess. 54-55 (1978))).

The prevailing view among the federal courts of appeal is that actions taken in violation of the automatic stay are void *ab initio*. *See In re Smith Corset Shops, Inc.*, 696 F.2d 971 (1st Cir.1982); *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir.1987), *cert. denied* 485 U.S. 1035 (1988); *In re Ward*, 837 F.2d 124 (3d Cir.1988); *Smith v. First*

*American Bank, N.A.*, 876 F.2d 524 (6th Cir.1989); *In re Taylor*, 884 F.2d 478 (9th Cir.1989). The Fourth Circuit has not spoken on this issue. In a series of cases, the United States Bankruptcy Court for the District of Maryland has hewn to the majority view. *See In re Miller*, 10 B.R. 778, 780 (Bankr. D. Md. 1981) ("An action taken in violation of the stay is void *ab initio* whether it is taken with knowledge of the stay or without."); *Anglemyer v. United States*, 115 B.R. 510 (D. Md. 1990) (IRS assessment for unpaid taxes made during the automatic stay was "null and void *ab initio* and has no validity for any purpose."); *In re Lampkin*, 116 B.R. at 453 ("This court will adhere to the general rule that violations of the stay are void.").

Our Court of Appeals has not addressed this issue, but its decision in *Klass, supra*, is instructive. There, a wife filed a complaint for limited divorce in April 1999, her husband filed a complaint for absolute divorce in September 2000, and a merits trial was set to commence on January 3, 2001. One week before trial, the husband filed a bankruptcy petition. The circuit court was notified of the bankruptcy petition and the trial was postponed. Nevertheless, the divorce case remained active. The parties attended status conferences, a guardian *ad litem* appointed for the children petitioned for attorneys' fees, discovery requests were propounded, and a new trial date was set. On April 9, 2001, the husband was granted a discharge by the Bankruptcy Court and the automatic stay was terminated. The merits trial commenced less than a month later. The husband did not attend.

7

On June 29, 2001, the circuit court entered its divorce judgment resolving issues of custody, visitation, alimony, support, property distribution, and fees.

The husband appealed, arguing, *inter alia*, that the circuit court had erred by "continuing the divorce litigation after the filing of his bankruptcy petition" and that this error had rendered the divorce judgment void. *Id*. at 18. In an unreported opinion, this Court disagreed, and affirmed the divorce judgment.

The Court of Appeals granted a writ of *certiorari* and affirmed in part and reversed in part. As a threshold matter, the Court held that it has concurrent jurisdiction with the bankruptcy court to "determine the effect of the stay" on a case pending in a Maryland state court. *Id*. at 20. It opined that a "Maryland court has, and, indeed, must have, jurisdiction to determine, at least in the first instance, whether and how a matter properly pending before it is affected by a § 362 stay." *Id*.

Turning to the merits of the appeal, the Court explained that the divorce case was commenced before the stay took effect and the divorce judgment was entered after the stay had been terminated. That did not "resolve the issue, however[, because t]he stay precludes the 'continuation' of a judicial proceeding against the debtor that was commenced prior to the filing of the petition." *Id*. at 21. The Court considered whether the continuation of the divorce case when the stay was in effect rendered the relief granted in the divorce judgment void. It pointed out that actions to establish or modify child support or alimony are explicitly excepted from the automatic stay, *see* section 362(b), and held that it would adopt the

8

prevailing view among bankruptcy courts that the automatic stay does not bar a state court from proceeding to dissolve a marriage. *See*, *e.g.*, *In re Becker*, 136 B.R. 113 (Bankr. D. N.J. 1992) (dissolution of a marriage may proceed during automatic stay). It thus determined that the aspects of the divorce judgment "fixing [] alimony and child support," awarding attorneys' fees to the wife and the guardian *ad litem,* dissolving the marriage, and establishing custody and visitation were not subject to attack because of any prior stay violation. *Klass,* 377 Md. at 24.

The Court further held that the "remaining aspects of the judgment -- the grant of a monetary award . . . the reduction of that award to judgment, the entry of a Qualified Domestic Relations Order directing a lump sum distribution to [the wife] from [the husband's] profit sharing plan . . . and the grant to [the wife] of use and possession of a [jointly titled vehicle]" -- were "subject to the stay." *Id*. at 29. The Court observed that there is "some debate as to whether actions taken in contravention of an automatic stay under § 362(a) are absolutely void or merely voidable," but that the "prevailing sentiment among the Federal courts and Bankruptcy Courts is that [such] actions . . . are void *ab initio*." *Id*. It explained that those courts espousing the minority view, *see, e.g.*, *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir.1989) (actions taken in violation of the automatic stay merely are voidable), reason that, because the bankruptcy court has the authority, under section 362(d) and (f), "to annul [a] stay retroactively, thereby effectively validating actions taken in violation of a stay," Congress must have intended that acts taken in violation of the stay be

9

merely voidable. *Klass*, 377 Md. at 29-30. The Court emphasized, however, that leading authorities suggest that "the better approach is to view the annulment option 'as a means of avoiding the effect of the stay, rather than as an indication that acts taken in violation are voidable.'" *Id*. (quoting 3 *Collier on Bankruptcy* § 362.111 (15th ed. rev.2003)).

The Court declined to "weigh in" on the debate because the stay in the case before it had been terminated, not annulled. *Id*. at 30. It determined that a request for admission of facts propounded by the wife during the stay had been an "impermissible continuation of the proceeding" and, consequently, "deemed admissions" arising from the husband's failure to respond were void. *Id*. at 32. It followed that the trial court had erred in admitting the deemed admissions of fact into evidence at the divorce trial. *Id*. at 33. On this basis, the Court reversed "all aspects of the judgment" except the divorce, custody, visitation, alimony, child support and fee awards. *Id*.

We return to the case at bar. Unlike in *Klass*, where the divorce action was commenced prior to the filing of the bankruptcy petition and therefore prior to the automatic stay, this case was commenced when the automatic stay was in effect. Plainly, the commencement of the action was in violation of the stay. The overwhelming majority of state courts confronted with this scenario -- the inadvertent filing of a civil action during the automatic stay -- have held that the action is void and with no effect. *See Cohen v. Salata*, 709 N.E.2d 668 (Ill. App. 1999) (malpractice action commenced during the automatic stay void *ab initio* and subject to dismissal for lack of subject matter jurisdiction); *Hendrix v.*

10

*Page*, 640 N.E.2d 1081 (Ind. App. 1994) (denying petition for rehearing of decision holding that personal injury action filed in violation of the stay was void *ab initio*); *Raikes v. Langford*, 701 S.W.2d 142, 145 (Ky. Ct. App. 1985) (affirming dismissal of wrongful death action for lack of jurisdiction when it was commenced during the automatic stay and rejecting the argument that jurisdiction could be "retroactively validate[d]" once the stay was lifted)*; Chen v. Dickerson*, 847 N.Y.S.2d 334 (N.Y. App. Div. 2007) (nonpayment proceeding against tenant/debtor commenced during the automatic stay was a nullity); *Lawrenson v. Global Marine, Inc.*, 869 S.W.2d 519 (Tex. Ct. App. 1993) (personal injury suit commenced during the automatic stay was void and a nullity from its inception). These courts reason that the automatic stay vests exclusive jurisdiction over the property of the estate in the bankruptcy court and prevents the state court from acquiring subject matter jurisdiction over an action not otherwise excepted from the stay. *But see Southland Express, Inc. v. Scrap Metal Buyers of Tampa, Inc.*, 895 S.W.2d 335 (Tenn. Ct. App. 1994) (action commenced in violation of the stay voidable, not void, and equitable considerations weighed in favor of a finding that the action should not be voided).

In light of the prevailing view of the federal courts, as recognized by the Court of Appeals in *Klass*, that an action in violation of the stay is void *ab initio,*[3] and the persuasive authority cited above holding that a state court lacks subject matter jurisdiction over a civil

---

[3] *See also Dates v. Harbor Bank of Md*., 107 Md. App. 362, 370 (1995) (observing that the "predominant view" is that actions taken in violation of the automatic stay are void *ab initio*); *Home Indem. Co. v. Killian*, 94 Md. App. 205, 218 (1992) (same).

action commenced during the automatic stay, we conclude that this action was void *ab initio*. The appellees emphasize that once Sonia and Baljit notified the circuit court of their bankruptcy petitions, the case was stayed and only recommenced after the automatic stay was terminated. Absent relief from the bankruptcy court, however, the termination of the stay could not retroactively vest subject matter jurisdiction in the circuit court when the court lacked jurisdiction over the subject matter of the case when suit was filed.[4] Accordingly, we shall reverse the judgment.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED. COSTS TO BE PAID BY THE APPELLEES.**

---

[4]Pursuant to 11 U.S.C. § 362(d), the bankruptcy court may annul a stay, which has the effect of "negat[ing] its existence in its entirety[,]" *see Lampkin*, 116 B.R. at 453, or may grant retroactive relief from the stay. *See Stallings v. Spring Meadows Apartment Complex Ltd. P'ship*, 913 P.2d 496 (Ariz. 1996) (*en banc*) (personal injury action commenced during the automatic stay not void where the plaintiffs petitioned for relief from the stay in the bankruptcy court and it granted them relief, ordering that they could "proceed" with their state court action). No relief of any such kind was requested or ordered by the bankruptcy court in the bankruptcy cases that were pending before this suit was filed.