In re Elna Kay BROOKS, Debtor.

Nancy JAMES, Trustee, Appellant,

v.

**WASHINGTON MUTUAL SAVINGS BANK, Appellee.**

No. 87–4320.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 1989.

Decided March 23, 1989.

Kathryn E. Cashin, Seattle, Wash., for appellant.

Susan G. Loitz, Seattle, Wash., for appellee.

Before WRIGHT, REINHARDT and TROTT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must determine whether the trustee of a wife's subsequent bankruptcy may avoid a deed of trust rerecorded in violation of the automatic stay of her husband's earlier bankruptcy.

I

On October 1, 1984, Washington Mutual Savings Bank loaned $59,923 to Wiley and Elna Brooks. The Bank secured the loan by a deed of trust on the Brooks' property. The deed was executed, signed by the Brooks, and recorded on October 3, 1984. The Bank discovered later that the property description was incorrect, changed it, and rerecorded the deed on June 5, 1985.

On June 3, 1985, two days before the Bank's correction, Wiley Brooks had filed a petition in bankruptcy. His trustee did not challenge the deed. The bankruptcy court discharged him and closed his case on September 18, 1985.

Elna Brooks filed a bankruptcy petition four months later on January 6, 1986. The Brooks were divorced after she filed. The trustee of her bankruptcy estate challenged the Bank's deed of trust, asserting that it was void because the Bank recorded it in violation of 11 U.S.C. § 362 (1982 & Supp. IV 1986). The bankruptcy court voided the deed. The Bankruptcy Appellate Panel reversed. 79 B.R. 479.

We have jurisdiction under 28 U.S.C. § 158(d) (Supp. IV 1986) and affirm the Bankruptcy Appellate Panel.

## II

The status of a deed recorded in violation of 11 U.S.C. § 362 is a question of law that we review *de novo*. *See In re Mellor*, 734 F.2d 1396, 1399 (9th Cir.1984).

■ The filing of a bankruptcy petition triggers an automatic stay of most actions to enforce a lien against the debtor. 11 U.S.C. § 362. That stay extends to "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(5). By rerecording the deed, the Bank attempted to perfect a lien that arose before the commencement of Wiley Brooks' case and it violated § 362(a)(5).

■ The trustee in Elna Brooks' bankruptcy now asserts her strong arm powers under 11 U.S.C. § 544 (1982 & Supp. IV 1986) to attack the deed collaterally. Section 544 grants the trustee the powers of a bona fide purchaser from the debtor. The trustee represents that a deed recorded in violation of the automatic stay is void and that she, in the position of a bona fide purchaser, is not bound by a void instrument.

We find that Elna Brooks' trustee has no standing to attack the Bank's deed.

We considered standing under § 362 in *In re Globe Investment & Loan Co.*, 867 F.2d 556 (9th Cir.1989). There we limited standing to those Congress designated as beneficiaries of the stay. In *In re Globe*, the debtor and the appellants held property interests subject to a prior deed of trust. *Id.* at 558. The holder of the deed of trust, in violation of § 362, foreclosed on the property, extinguishing those interests. *Id.* The holder of the deed of trust paid only the debtor's estate for its interest. *Id.* at 557–58. The appellants asserted the foreclosure was void as a violation of § 362 and petitioned the bankruptcy court to clear their titles. *Id.* at 558.

Analyzing the standing issue, we noted that Congress devised the stay to protect the debtor and creditors and to assure the orderly distribution of the estate. *Id.* at 560. It did not intend to confer rights on other parties. *Id.* Appellants did not seek as creditors to void the foreclosure to enforce a claim to the debtor's assets. Rather they sought as property owners to clear title to their separate interests in the property. *Id.* at 559. We found them outside the protections of § 362 because they did not pursue their claims as creditors, but as outside parties. *Id.* at 560. They had no standing to attack the foreclosure. *Id.* at 560.

The Bank here rerecorded the deed of trust before Mrs. Brooks filed her petition in bankruptcy. Thus, the rerecording did not violate the automatic stay imposed by her filing. Mrs. Brooks' trustee claims that the rerecording violated the automatic stay imposed when *Wiley* Brooks filed for bankruptcy. As discussed, that stay was imposed for the benefit of the debtor of that estate and its creditors. However, the trustee of Mrs. Brooks' estate is not asserting that Mrs. Brooks was a creditor of Mr. Brooks' bankruptcy estate or that she joined in his petition under 11 U.S.C. § 302 so as to become a joint debtor of the estate. Accordingly, the trustee of Elna Brooks' bankruptcy estate, who may assert only the rights of Mrs. Brooks and her creditors, does not have standing to challenge the deed under § 362.[1]

AFFIRMED.

---

1. We note that the question of whether a creditor may in fact bring an action to enforce the protection of § 362 is not before us. The trustee of Elna Brooks' estate has not pursued this action as a creditor of Wiley Brooks' estate. Thus, as in *In re Globe,* we need not determine in this case whether creditors of an estate may bring such an action. *See In re Globe,* 867 F.2d at 559–60.

Because we find the trustee here lacks standing, we express no opinion on the Appellate Panel's reasoning in finding stay violations void-

able or in applying 11 U.S.C. § 549(d) to limit the time to challenge § 362 violations.