In re Russell SCHWARTZ and Linda Schwartz, Debtors.

UNITED STATES of America, Appellant,

v.

Russell SCHWARTZ and Linda Schwartz, Appellees.

BAP No. WW 89–1860–AsPJ.

Bankruptcy No. 87–07584.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 13, 1990.

Decided Oct. 12, 1990.

Carolyn D. Jones, Washington, D.C., for appellants.

Joseph L. Koplin, Bellevue, Wash., for appellees.

Before ASHLAND, PERRIS and JONES, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge:

The debtors objected to the Internal Revenue Service's ("I.R.S.") penalty assessment pursuant to Internal Revenue Code § 6672 on the grounds that the assessment, which occurred during a prior bankruptcy case, violated the automatic stay of 11 U.S.C. § 362 and was, therefore, void. The United States appeals the order granting the objection. We REVERSE.

## FACTS

On February 25, 1983 the debtors Russell and Linda Schwartz and a corporation known as R.H. Schwartz Construction Specialties, Inc. filed a Chapter 11 petition in the bankruptcy court in the district of Montana. On October 8, 1984, while the debtors were still involved in the Chapter 11

proceeding, the I.R.S. assessed Russell Schwartz with a 100% penalty pursuant to 26 U.S.C. § 6672. On March 27, 1985 a stipulation and order was entered in the Chapter 11 action dismissing Russell and Linda Schwartz from the case.

On August 14, 1987 the I.R.S. filed a notice of federal tax lien with the King County Auditor in Washington. On October 8, 1987 the debtors filed a petition and plan under Chapter 13 of the United States Bankruptcy Code. The I.R.S. filed a proof of claim seeking payment as a secured creditor for the 100% penalty. The amount claimed by the I.R.S. was $90,787.67 as of the petition date.

The debtors objected to the I.R.S.' secured claim alleging that the claim was based on a void assessment. At the hearing on the debtors' objection, the bankruptcy court held that the October 8, 1984 assessment violated the provisions of the automatic stay of 11 U.S.C. § 362 and was, therefore, void. The I.R.S. filed this timely appeal.

## ISSUE

Whether the bankruptcy court erred in determining that the assessment of taxes and the federal tax lien which resulted from the assessment, which violated the automatic stay in a prior bankruptcy, are void and invalid in a subsequent bankruptcy.

## STANDARD OF REVIEW

Because the underlying facts upon which this appeal is based are undisputed, we review the bankruptcy court's conclusions of law *de novo*. *In re Contractors Equipment Supply Co.*, 861 F.2d 241, 243 (9th Cir.1988).

1. Section 362(a) provides, in pertinent part, that the filing of a petition operates as a stay applicable to all entities of

\* \* \* \* \* \*

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the

## DISCUSSION

Section 6321 of the Internal Revenue Code provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount of the tax (including interest, additions, penalties or costs that may accrue) "shall be a lien in favor of the United States upon all property and rights to the property, whether real or personal, belonging to such person." 26 U.S.C. § 6321; *Little v. United States*, 704 F.2d 1100, 1105 (9th Cir.1983). The lien provided for in § 6321 arises at the time the tax assessment is made and continues until the underlying liability is satisfied or becomes unenforceable. 26 U.S.C. § 6322. *Little*, 704 F.2d at 1105. However, the lien imposed by § 6321 is not valid as against any purchaser, holder of a security interest, mechanics' lienor, or judgment lien creditor until notice thereof has been filed. 26 U.S.C. § 6323(a) & (f).

The IRS assessed the debtors with a 100% penalty pursuant to 26 U.S.C. § 6672 on October 8, 1984 while the debtors and the corporation were still in the Chapter 11 proceeding. It is undisputed that this postpetition assessment of the pre-petition taxes violated the automatic stay of 11 U.S.C. § 362(a)(4), (a)(5) and (a)(6).[1] The dispute concerns the effect of this violation upon the validity of the assessment.

The United States argues that the assessment in violation of the automatic stay is voidable rather than void and the dismissal of the debtors from the initial bankruptcy case precludes the attack on the assessment under, *inter alia*, the limitations period of section 549(d). The debtors argue that the assessment occurring in violation of the stay is void rather than voidable and did not constitute a transfer of property of the estate so that it need not be attacked in the prior bankruptcy case.

extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.

\* \* \* \* \* \*

The general rule is that any actions taken in violation of the automatic stay are void. *Kalb v. Feurstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Shamblin,* 890 F.2d 123 (9th Cir.1989); *In re Stringer,* 847 F.2d 549, 551 (9th Cir. 1988); *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir.1985). Under a strict interpretation, as void acts, these actions would have no force and effect and could not be cured or ratified. *In re Oliver,* 38 B.R. 245, 247 (Bankr.D.Minn.1984); *see generally Black's Law Dictionary* 1411 (5th Ed.1979); 92 C.J.S. *Void* at 1020–26 (1955). Thus, under the general rule, as the debtors contend, their dismissal from the first bankruptcy case would not have the effect of validating or precluding an attack upon the assessment. This general rule of voidness can be traced to *Kalb, supra,* which held that the actions of a state court, taken after the filing of a petition under § 75 of the Bankruptcy Act, in confirming a sheriff's sale and evicting the debtors were contrary to the stay, were taken without jurisdiction, and were therefore void.

On the other hand, many courts that have specifically addressed the void/voidable distinction have determined that postpetition transfers in violation of the automatic stay are not void, but are merely voidable. *In re Brooks,* 79 B.R. 479 (9th Cir. BAP 1987), *aff'd on other grounds,* 871 F.2d 89 (9th Cir.1989); *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989); *In re Ward,* 74 B.R. 465 (D.N.J.1987); *In re Clark,* 79 B.R. 723 (Bankr.S.D.Ohio); *In re Fuel Oil Supply and Terminaling,* 30 B.R. 360 (Bankr.N.D.Tex.1983). As voidable acts, these actions can be declared invalid in an appropriate proceeding but are capable of being cured by confirmation or ratification or if no proceeding is brought to avoid the voidable act. *See Oliver,* 38 B.R. at 247; *Black's Law Dictionary* at 1411. Courts base this holding of voidability upon the discretionary nature of the trustee's powers to avoid post-petition transfers under section 549 or upon the

theory that the power to annul the stay retroactively is inconsistent with the notion that acts in violation of the stay are absolutely void. *See Brooks,* 79 B.R. at 480–482; *Sikes,* 881 F.2d at 178–180.

In addition, some cases recite or even purport to apply the general rule that actions in violation of the stay are void, yet they recognize exceptions to the general rule. In *In re Wingo,* 89 B.R. 54, 57 (9th Cir. BAP 1988) the Panel recited the general rule and also cited *Brooks* for the proposition that certain technical violations of the automatic stay may not be void. The Panel also recognized that section 549(c), which provided certain good faith purchasers a defense to an action to recover a post-petition transfer of property is a limitation or exception to the general rule of voidness. *Id.* Similarly, despite the statements in other Ninth Circuit cases that acts in violation of the automatic stay are void, in two recent cases the Ninth Circuit precluded, upon the basis of standing, attacks upon actions occurring in violation of the automatic stay. *See In re Brooks,* 871 F.2d 89 (9th Cir.1989); *In re Globe Investment and Loan Co.,* 867 F.2d 556 (9th Cir.1989).

Summarizing the authorities applicable in this circuit, although at first glance there appears to be a general rule under which actions taken in violation of the stay are void in the sense that they would have no effect and cannot be cured, *see, e.g. Shamblin, supra,* upon closer examination, we do not believe that to be the case. First of all, as mentioned above, there are authorities which would allow these purportedly void acts to be cured and become effective either through the application of section 549(c), through the application of standing doctrines to preclude an attack on the act or because the act is a mere technical violation. The application of such limitations to allow "void" acts to become effective is inconsistent with the definition of the term and reflects the imprecision often involved in the use of these terms. *See* 92 C.J.S. at 1021–1022.[2]

---

**2.** 92 C.J.S. at 1022–23 notes the imprecision and confusion that exists in the use of these terms

and explains that the word "void" is often used in a less accurate and less strict sense of the

Second, the precedential effect of *Kalb v. Feuerstein, supra*, which is generally the cited source for the rule that stay violations are void, is eroded by the fact that it was decided at a time when bankruptcy referees did not have the power to annul the automatic stay. *See Sikes v. Global Marine, Inc., supra.*

Finally, those Ninth Circuit authorities which announce the general rule either do so in dicta or contain statements which suggest that the Circuit does not purport to adopt the strict and technical definition of the term void. In *Stringer*, in determining that the *modification of a child support order* was not exempt from the automatic stay under section 362(b)(2), the Ninth Circuit stated *in passing* that proceedings in violation of the automatic stay are void. There is no indication in that case that the court applied the rule or that the distinction between void and voidable made a difference to the facts of that case. In *Sambo's Restaurants*, the Ninth Circuit cited the general rule that actions in violation of the automatic stay are void before holding that a complaint filed in violation of the automatic stay could be considered an informal proof of claim. Again, there is no indication that the distinction between void and voidable was crucial to the holding of that case. Moreover, the actual holding appears contrary to the statement of the general rule because by its holding the Ninth Circuit gave effect to a purportedly void act.

*Shamblin, supra*, is the Ninth Circuit case which most directly addresses the void/voidable distinction. In *Shamblin*, the bankruptcy court determined that a tax sale held in violation of the automatic stay was voidable rather than void and that the limitations period of section 549(d)(1) precluded an attack upon the sale. This Panel reversed, determining that the tax sale was void as a violation of the automatic stay. The Ninth Circuit determined that the tax sale was void, citing the general rule that "judicial proceedings in violation of the au-

tomatic stay are void." 890 F.2d at 125. Although the *Shamblin* opinion used the word void rather than voidable, there is language in the decision which indicates that *Shamblin* was not deciding that stay violations are void in the strict sense of the word. In the strict sense, an act that is void is a nullity. However, in *Shamblin*, the court indicated that it would not decide whether equitable principles may, in a proper case, justify retroactive annulment of the automatic stay. 890 F.2d at 126. In this regard, the court left room for argument that a violation of the automatic stay could be cured by an order annulling the stay and that such a violation of the stay is not, therefore, void in the strict sense of the word. In addition, footnote number five of the opinion suggests that the court was not deciding whether transfers in violation of the automatic stay are void:

> The Shamblins argue that § 549 should not apply because the tax sale and tax deed issuance are void for violating the automatic stay. Because we decide that § 549 does not apply for other reasons, we need not address this difficult question. Cf. *In re Brooks*, 871 F.2d 89, 90 n. 1 (9th Cir.1989).

890 F.2d at 127, n. 5. If the *Shamblin* court held the transfers void in the strict sense, section 549 would be irrelevant because there would be no transfer to avoid.

■ For the above reasons, we determine that the prevailing Ninth Circuit decisions do not compel us to adopt the rule that all violations of the automatic stay are void in the strict sense of that word. Rather, such actions can be cured by the effect of various exceptions to the rule or by limitations upon a party's right to bring an action to attack the violations. Thus, consistent with the Panel's decision in *Brooks, supra*, we determine that actions taken in violation of the automatic stay are not void in the strict sense of the word in that such actions are completely null and without effect and cannot be cured. Rather, such

word to have the meaning of voidable. In this regard, the term void is often used to mean not that the action is null and without effect, but simply that the action is unenforceable or to

denote that the act is adjudged to be without effect or void when the question is presented. *See also Black's Law Dictionary* at 1411.

actions are voidable in the sense that the act is unenforceable and can be avoided or declared invalid when the question is properly presented.

■ The question of the voidability of acts occurring in violation of the automatic stay is properly presented in an action by the debtor or trustee during the bankruptcy case in which the stay violation occurred. The limitation of standing to the trustee or debtor is clearly expressed in the Circuit decisions in *Brooks* and *Globe Investment.*[3] The requirement that the question be presented during the bankruptcy case in which the stay violation occurred is suggested by the limitations period of section 549(d) as well as the purposes underlying section 349(b)(2). Section 549 provides for an action to set aside post-petition transfers of property of the estate, including such transfers occurring in violation of the automatic stay. Section 549(d) requires such an action to be commenced no later than the close or dismissal of the bankruptcy case. Section 349(b)(1), which provides that the dismissal of a case reinstates certain transfers avoided during the bankruptcy case, recognizes that the purposes underlying those avoiding powers, including the powers to avoid transfers in violation of the automatic stay, cease upon the dismissal of the bankruptcy case. *See In re Linton*, 35 B.R. 695, 696 (Bankr.D.Idaho 1983). Allowing the avoidance of such unauthorized transfers after the dismissal of the bankruptcy case, therefore, will not serve any avoidance power purpose of collecting estate assets nor any automatic stay purpose of protecting assets. *Id.*

In the only Ninth Circuit or Panel decisions uncovered dealing with a challenge to a violation of the automatic stay occurring in an earlier bankruptcy case, the Panel and Circuit decisions in *Brooks*, as well as the *Globe Investment* decision strike down the challenge to the action. Although the Ninth Circuit decisions rely upon standing, these decisions necessarily and implicitly

support a determination that the violations of the automatic stay were not void in the strict sense of the word because such voidness is inconsistent with a decision that precludes challenges to void acts which has the effect of validating the acts. Similarly, to allow the assertion of the section 549(c) defense by certain good faith purchasers, as the Panel recognized in *Wingo, supra,* effectively validates these otherwise void acts and is inconsistent with the strict meaning of the term void.

We therefore adopt the rule that transfers in violation of the automatic stay are voidable in an action brought during the bankruptcy in which the violation occurred. We find the rule consistent with prevailing Ninth Circuit authority and supported by the purposes of the provisions relating to the effect of a dismissal. Although such a rule may have the effect of impairing the fresh start purposes of the automatic stay by requiring the debtor to enforce the stay through actions to avoid certain transfers, any impairment can be offset by rigorous application of section 362(h).

■ The next question is whether the assessment and the creation of the lien arising therefrom is a transfer of property of the estate. The debtors' contention that the assessment could not be a transfer because it is void and has no effect is contrary to our conclusion with respect to the voidability of transfers in violation of the stay. Rather, we are persuaded by the United States' contentions that the assessment, which creates a statutory tax lien, is a transfer for purposes of determining whether the assessment is a voidable violation of the automatic stay. We believe that a lien is an interest in property, *see* section 101(33), and an event that creates a statutory lien is a transfer of property under the definitions of the terms "lien," "statutory lien" and "transfer" in sections 101(33), 101(47) and 101(50). Considering an act that creates a lien a transfer for purposes of the present analysis is consistent with

---

**3.** Both *Globe Investment,* 867 F.2d at 559, and *Brooks,* 871 F.2d at 90, n. 1, specifically declined to address whether a creditor would have standing to attack a violation of the automatic stay. Because we are not faced with this question, we similarly decline to address a creditor's standing.

the *Brooks* decisions of both the Panel and the Ninth Circuit because the act which purportedly violated the automatic stay in those decisions was recording a deed of trust.

 In summary, we determine that the assessment that occurred after the debtors' initial bankruptcy petition was a transfer that was not void, but that was voidable in an action brought during the pendency of the original bankruptcy proceeding. Because the debtor's did not challenge the assessment in the original bankruptcy proceeding, they are precluded from doing so now.

### CONCLUSION

For the above reasons, we reverse the bankruptcy court's order granting the debtors' objection to the I.R.S.' penalty assessment.