[No. F013937. Fifth Dist. Nov. 1, 1991.]

MICHAEL SHORR, Cross-complainant and Appellant, v. KENNETH KIND, Cross-defendant and Respondent.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and III.

**COUNSEL**

Renee M. Bazar for Cross-complainant and Appellant.

Kenneth W. Kind, in pro. per., for Cross-defendant and Respondent.

**OPINION**

**HARRIS, J.—**

### INTRODUCTION

Michael Shorr appeals from an order sustaining a demurrer to his first amended cross-complaint for malicious prosecution. The order was sustained with 10 days leave to amend. Appellant prematurely filed notice of appeal. Subsequent to the filing of the notice of appeal, a judgment of dismissal was

entered on the action for plaintiff's failure to amend his action within 10 days.

## FACTS AND PROCEEDINGS BELOW

We resist the temptation to make the factual statement more complex and detailed than is necessary to identify and form the issues presented in this appeal. The instant action arises out of Shorr's action for malicious prosecution against Kenneth Kind and Robert Rodriguez. In the malicious prosecution action the trial court, on April 17, 1990, sustained Kind's demurrer on the ground that the underlying action was not fully terminated. Shorr chose not to amend and appeals.

The underlying action is a cross-complaint filed by Attorney Kind on behalf of his client Rodriguez against Shorr and others. Shorr was not otherwise a party to that action. The cross-complaint fell victim to a motion for summary judgment. Because Rodriguez filed bankruptcy, the chronological sequence of events is important. On November 9, 1988, the summary judgment motion was heard and orally granted and documented by minute order.

Rodriguez filed his bankruptcy petition on December 6, 1988, but no notice thereof or stay was filed with the court. Entry of summary judgment and an order amending the judgment occurred on December 21, 1988, and January 18, 1989, respectively. The bankruptcy petition was dismissed and the stay terminated on February 6, 1990. Rodriguez filed his appeal from the summary judgment on February 13, 1990. The appeal was dismissed on March 30, 1990, pursuant to California Rules of Court, rule 10(c). On appeal Shorr contends the trial court incorrectly concluded the bankruptcy stay prevented the state court jurisdictionally from finally terminating the underlying action and thus erred in sustaining the demurrer and subsequently entering its judgment of dismissal. We agree with Shorr and will reverse.

## DISCUSSION

## I.

## APPEALABILITY.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 249.

## II.

### EFFECT OF BANKRUPTCY ON ENTRY OF SUMMARY JUDGMENT.

Respondent Kind contended in his demurrer to the first amended cross-complaint that there was no final judgment in the underlying action involving Shorr and Rodriguez because actual entry of judgment, after the summary judgment had been granted, occurred approximately two weeks after Rodriguez filed his bankruptcy petition. Kind contends that because of the automatic bankruptcy stay, the state court was without jurisdiction to enter the summary judgment on December 21, 1988. Thus, he argues the underlying action has not become final. ■ One of the elements of a malicious prosecution action is a final termination of the underlying action in the plaintiff's favor. The other two elements are that the action was brought without probable cause and that it was initiated with malice. (*Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 871-872 [254 Cal.Rptr. 336, 765 P.2d 498].)

Kind argues that Rodriguez could not appeal the underlying entry of judgment on the summary judgment motion until after the bankruptcy stay was lifted. Had there been any vitality to the trial court's entry of judgment after the bankruptcy stay had been imposed, Rodriguez would have had to file his appeal from the entry of summary judgment 60 days after judgment was entered. Instead, Rodriguez filed his notice of appeal in February of 1990, which was well over a year after judgment had been entered upon the trial court's order granting summary judgment.

Kind further contends that the entry of judgment in violation of the automatic stay order cannot be the basis for calculating the time in which Rodriguez has to appeal the summary judgment order. The underlying action between Rodriguez and Shorr, therefore, has not yet become final and if not final cannot be the basis for a malicious prosecution action. This was Kind's primary contention in his demurrer. Though this argument is superficially appealing, it is defective for several reasons.

First, there is authority that as to state court proceedings wherein the bankruptcy "debtor" is plaintiff or cross-complainant, the state court does not lose jurisdiction, time periods are not tolled, and the automatic stay provision of 11 United States Code section 362(a)(1) and (2) are inapplicable. Second, there is authority that violation of an automatic stay order by a state court is not necessarily a void act per se but is merely voidable. Third, where, as here, all parties to a proceeding have concluded all activity and the court prepetition makes its oral ruling, postpetition entry of decision is not

an action stayed under title 11 of the United States Code, section 362. Fourth, attorney Kind does not have standing to challenge a violation of the automatic stay order. Only Rodriguez as debtor has standing to challenge a violation of the stay order.

A.  *The effect of the automatic stay on proceedings wherein the debtor is plaintiff or cross-complainant.*

In the underlying case the bankruptcy debtor Rodriguez was the initiating cross-complainant. Does the fact that the action was his affirmative proceeding rather than one wherein he was defendant or cross-defendant make a difference with respect to the application of the stay? Title 11 of the United States Code, section 362(a)(1) and (2) provides that the filing of a petition in bankruptcy operates as a stay of:

"(1)  the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title;

"(2)  the enforcement, *against the debtor or against property of the estate*, of a judgment obtained before the commencement of the case under this title;  . . ." (Italics added.)

Appellant contends that since in the underlying action Rodriguez was pursuing a claim against Shorr, the automatic stay provision was inapplicable as the action or proceeding was not against the debtor. Both state and federal authority support appellant's position.

In *Lauriton* v. *Carnation Co.* (1989) 215 Cal.App.3d 161 [263 Cal.Rptr. 476], appellant debtor contended the automatic stay applied to his state court cause of action, suspended the superior court's jurisdiction over the case and tolled time under the five-year mandatory dismissal statute. (Code Civ. Proc., § 583.310.) This court held to the contrary. "[The] action was not stayed during the bankruptcy.  ■   'The Bankruptcy Act provides that the commencement or continuation of any legal proceeding *against the debtor* is automatically stayed by the filing of a petition in bankruptcy, until adjudication or dismissal of the petition.' (*Danielson* v. *ITT Industrial Credit Co.*, *supra*, 199 Cal.App.3d 645, 652 [245 Cal.Rptr. 126].) However, a debtor's cause of action is not tolled by the filing of a bankruptcy petition. (*Ibid.*) As noted above, the trustee may prosecute actions on behalf of the debtor." (215 Cal.App.3d at p. 164.)

Federal authorities hold that the automatic stay does not apply to actions brought by the debtor. Title 11 United States Code section 362, has been held not to apply to a debtor's counterclaim. *In re Regal Const. Co., Inc.* (Bankr. D.Md. 1983) 28 B.R. 413 is representative. In *Regal*, after having filed a counterclaim in a District of Columbia proceeding, debtor filed a petition under chapter 11. The court, indicating the litigation was not stayed as to the counterclaim, concluded, "The automatic stay of 11 U.S.C. § 362 did not preclude [debtor] from proceeding on its counterclaim in the District of Columbia. 'Section 362 by its terms stays proceedings *against* the debtor. The statute does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate.' *Assoc. of St. Croix Condo. Owners* v. *St. Croix Hotel*, 682 F.2d 446, 448 (3d Cir. 1982)." (*Regal* at p. 416.)

B.   *Violation of the stay order is voidable not void.*

Assuming arguendo that the automatic stay was applicable to the underlying cross-complaint, there is further basis for concluding that the trial court wrongly concluded the judgment therein was not final. If the trial court's entry of judgment in the underlying action is void as a result of the automatic stay order, there is merit to attorney Kind's contention. If the underlying entry of judgment was void as a matter of law, then in a technical sense there has been no final judgment in the underlying action until a valid entry of judgment is made. If, on the other hand, the trial court's entry of judgment is merely voidable, then the defect is not jurisdictional and the trial court's order is valid until the bankruptcy court nullifies it.

█   The general rule followed by the Ninth Circuit Court of Appeals is that an order made in violation of the automatic bankruptcy stay is void. As noted by the Ninth Circuit, however, the general rule is applied to transfers of property and the like. Where an action was improperly filed in federal court in violation of the automatic stay, the Ninth Circuit has referred to the district court action as an amendment of an informal proof of a creditor's claim against the debtor even though the district court action was technically void by operation of the automatic stay order. (*In re Sambo's Restaurants, Inc.* (9th Cir. 1985) 754 F.2d 811, 816.)

Though actions performed in violation of the automatic stay are generally void, the general rule is limited by protections afforded to bona fide purchasers of real estate who purchase the real estate without notice of the bankruptcy. These protections are afforded both by bankruptcy laws and state real property laws. (*In re Taylor* (9th Cir. 1989) 884 F.2d 478, 483-484.)

Recently the United States Bankruptcy Appellate Panel of the Ninth Circuit determined that where an Internal Revenue Service penalty assess-

ment is made pursuant to the Internal Revenue Code and the assessment is made in violation of an automatic stay order, the assessment is valid if it is not challenged by the trustee in bankruptcy. The action by the Internal Revenue Service in violation of the automatic stay is not void as a matter of law but is voidable. Where no action is taken to void the penalty assessment, the issue is waived. (*In re Schwartz* (Bankr. 9th Cir. 1990) 119 B.R. 207, 210-211.)

The *Schwartz* case generally examined cases from the Ninth Circuit and other circuits. It reasoned that though cases in the Ninth Circuit pay lip service to the general rule that an order made in violation of the automatic stay is void, the cases either state the general rule as dicta or go on to define an exception to the general rule and find the order made in violation of the automatic stay valid. (119 B.R. at pp. 208-210.)

The *Schwartz* case was recently criticized by Bankruptcy Judge Lisa Hill Fenning in a recent bankruptcy decision from the Central District of California. In that case, there was a foreclosure on a house. The sale occurred before bankruptcy was filed. A petition in bankruptcy was filed. The deed of sale was not recorded until after bankruptcy. Under California's race notice recording statute, the sale was unperfected when bankruptcy was filed. The bankruptcy court found that the postpetition recording of a trustee's deed of sale was avoidable. (*In re Williams* (Bankr. C.D.Cal. 1991) 124 B.R. 311, 312.) Judge Fenning criticized the *Schwartz* case and stated she refused to follow it because she believed that it neglected to follow the general rule in the Ninth Circuit that the actions of a court in violation of the automatic stay order are void as a matter of law. (124 B.R. at p. 317.)

It appears that the *Schwartz* case is more soundly reasoned than the *Williams* case. Our review of the authorities from the Ninth Circuit is in accord with the *Schwartz* court's conclusion. *Sambo's* and *Taylor* do not set forth unequivocal rules on the issue of whether an action taken in violation of the automatic stay is void. In both cases, while citing the void as a matter of law rule as the general rule, the court actually applies exceptions to that rule.

An earlier decision of the bankruptcy appeals panel of the Ninth Circuit held that a trustee may avoid court action taken in violation of the automatic stay order. The case held that such orders were voidable but not void *ab initio*. Furthermore, only the debtor has standing to void an action taken in violation of the automatic stay. Standing is limited to the beneficiaries of the stay order. (*In re Brooks* (Bankr. 9th Cir. 1987) 79 B.R. 479, 480.)

The Ninth Circuit Court of Appeals reviewed the bankruptcy appellate panel's decision in *Brooks*. It specifically declined to rule on the issue of

voidability because it fully concurred with the bankruptcy appellate panel's conclusion that only the beneficiary of a stay order has standing to challenge an action taken in violation of the stay order. (*In re Brooks* (9th Cir. 1989) 871 F.2d 89, 89-90.)

The Fifth Circuit follows the rule that an action taken in violation of the automatic stay order is voidable and not void as a matter of law. (*Picco* v. *Global Marine Drilling Co.* (5th Cir. 1990) 900 F.2d 846, 849-851; *Sikes* v. *Global Marine, Inc.* (5th Cir. 1989) 881 F.2d 176, 178-179.) *Schwartz* has been cited with approval by a bankruptcy court in Maine. (*In re Big Squaw Mountain Corp.* (Bankr. D.Me. 1990) 122 B.R. 831, 833, fn. 6.) A bankruptcy judge in Arizona ruled that a violation of the automatic stay rule was merely voidable and not void as a matter of law. (*In re A.J. Bayless Markets, Inc.* (Bankr. D.Ariz. 1989) 108 B.R. 721, 727.)

The formal service of process is not necessary for a stay order to take effect. (*In re Smith* (6th Cir. 1989) 876 F.2d 524, 526.) The fact that the trial court was not noticed that bankruptcy had been filed is not sufficient in itself to validate the trial court's order. On the other hand, there is a growing weight of authority in the bankruptcy arena in support of the proposition that an order taken in violation of the automatic stay is not absolutely void but is voidable. This rule is consistent with the related rule discussed in the *Brooks* case that only debtors who are the direct beneficiaries of a stay order have the standing to attack a violation of the stay order.

The rule that a violation of the stay order is voidable rather than being absolutely void is especially appealing in the instant action where notice of the trial court's entry of judgment was sent in mid-December of 1988 and the trustee in bankruptcy did absolutely nothing to set aside that order between December 1988 and the lifting of the stay in February 1990. Rodriguez never complained that he did not receive notice of the entry of judgment. In fact, the record shows that Rodriguez was sent notice of the entry of judgment through his attorney Kenneth Kind in January 1989.

Following *Schwartz*, we hold that as a matter of law the trial court's entry of judgment after it granted motions for summary judgment was not void *ab initio* but was voidable at the option of Rodriguez's bankruptcy trustee. The bankruptcy trustee's failure to challenge the underlying judgment is fatal to the argument that entry of the underlying judgment was void.

C.  *Postpetition formalization of prepetition decision is not stayed.*

Respondent's position is further undercut by the fact that in the instant case the summary judgment in the underlying action was heard and decided

approximately one month prior to the filing of Rodriguez's bankruptcy petition. Postpetition events were the formal entry of judgment based thereon and an order of amendment thereof. *It has been held that postpetition entry of decision of a concluded proceeding is not stayed by the automatic bankruptcy stay even where the entry is a default judgment in an action against the debtor.* ■ *In re James T. Wilson* (Bankr. M.D.Fla. 1987) 72 B.R. 956, 958, held: "Where parties to a proceeding have concluded all activity and the court makes an oral ruling or takes the matter under advisement pre-petition, the entry of decision post-petition by the court is not an action which is stayed under § 362(a). This situation is significantly different than if one of the parties to the action tries to enforce the decision after it is entered post-petition, or takes some other type of affirmative action without first seeking relief from § 362(a)."

In the instant case neither of the postpetition events constitutes enforcement of or affirmative action with respect to the decision as entered.

D. *Standing.*

■ Appellant contends, and we agree, that the legislative history of 11 United States Code section 362, the automatic stay provision of the Bankruptcy Code, shows a congressional intent to stay proceedings against the debtor only. This issue may otherwise be described as a matter of standing. The Ninth Circuit Court of Appeals has held that the standing to challenge a violation of the automatic stay rule is limited solely to beneficiaries of the stay order. (*In re Brooks, supra*, 871 F.2d 89, 89-90.)

"It is fundamental under federal bankruptcy law that the automatic stay operates for the benefit of the debtor and trustee only, and gives other parties interested in property affected by the automatic stay no substantive or procedural rights. [Citations.] If the debtor or trustee chooses not to invoke the protections of the automatic stay, no other party may attack any act in violation of the automatic stay. [Citation.]" (*Campbell* v. *Lauigan* (1988) 202 Cal.App.3d 651, 656 [248 Cal.Rptr. 747].)

Attorney Kind brought his demurrer on behalf of himself only. He did not lodge his demurrer on behalf of Rodriguez. Kind was not a party to the underlying action between Shorr, Rodriguez and the others. Attorney Kind was not a party to the bankruptcy proceeding. Kind was not protected by Rodriguez's automatic stay. Under the above cited authorities, Kind does not have standing to challenge the trial court's violation of the automatic stay rule in entering judgment against Rodriguez.

Kind's contention that any validation of the trial court's entry of judgment creates an anomalous procedural posture in this case is interesting. Kind

contends that notice of appeal in the underlying action should have been filed 60 days after entry of judgment in December 1989, not immediately after the lifting of the bankruptcy stay order.

Though this is an interesting argument, it doesn't get Kind past the requirement that he must have standing to make this challenge in the first instance. Furthermore, the appeal in the underlying action was dismissed not for untimeliness but because Rodriguez failed to file a record with this court in a timely manner. After Rodriguez was notified by this court that his appeal was subject to dismissal for failure to file a record, he still failed to file a record with this court. For that reason, his case on appeal was dismissed pursuant to California Rules of Court, rule 10(c), on March 30, 1990.

In short, Kind does not have standing to challenge the trial court's entry of judgment even if in violation of the automatic stay rule. Rodriguez's appeal having been dismissed, there has been a final judgment in the underlying action. The underlying action may serve as a basis for a malicious prosecution case.

### III.

### Issue Preclusion.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The judgment is reversed and remanded to the trial court for further proceedings. Appellant is awarded his costs on appeal.

Martin, Acting P. J., and Franson, J.,†   concurred.

---

*See footnote, *ante*, page 249.

†Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.