Jim T. SPEARS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 91–C–007–B.

United States District Court, N.D. Oklahoma.

March 3, 1992.

---

Theodore P. Gibson, Tulsa, Okl., for Jim T. Spears.

Jay Golder, Tony Graham, U.S. Atty., Office of Special Litigation/Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## ORDER

BRETT, District Judge.

This matter is before the court for decision of Fed.R.Civ.P. 56 motions for partial summary judgment filed by the Defendant (United States of America) and for summary judgment filed by the Plaintiff (Jim T. Spears).

Plaintiff seeks a refund of taxes paid, alleging same were improperly assessed against him. Defendant, in its Motion for Partial Summary Judgment, requests the assessment to be determined correct.

The undisputed facts are as follows:

On September 30, 1985, the Internal Revenue Service notified the Plaintiff of a proposed assessment of penalties under 26 U.S.C. section 6672 of the Code, as a responsible person of Phoenix Energy Corporation ("Phoenix"), in the amount of $8,264.22 for the taxable quarters ending March 31, 1984 through September 30, 1984.

On November 22, 1985, Plaintiff filed a petition under Chapter 7 of the United States Bankruptcy Code. Therein Spears scheduled the Phoenix Energy IRS tax obligation in the amount of $10,000.00.

On December 9, 1985, the IRS assessed Plaintiff a 100 percent penalty tax under Section 6672 of the Internal Revenue Code, as amended (26 U.S.C.) (the "Code") as a responsible person of Phoenix Energy Corporation. This assessment was during the automatic stay period of Section 362 of the Code.

On February 19, 1986, the IRS filed a proof of claim in Plaintiff's bankruptcy action for responsible person penalties in the amount of $8,264.22.

The IRS filed a Notice of Federal Tax Lien in the Tulsa County Clerk's Office dated February 19, 1986, during the automatic stay period provided by Section 362 of the Code.

Plaintiff was granted a discharge in the bankruptcy matter on April 17, 1986. There is no contention by the IRS of lack of notice as to Plaintiff's discharge in the Bankruptcy matter.

In order to qualify for a loan for the purchase of a home, Plaintiff paid the IRS on May 28, 1988, the sum of $8,500.22, to effectuate the release of the tax lien.

Plaintiff filed a claim for refund of the above amount, filing the instant action when IRS denied same.

Neither the validity of the assessment nor the dischargeability of the alleged tax debt nor the violation of the automatic bankruptcy stay was raised or litigated by either the IRS, Spears or Spears trustee in the bankruptcy proceedings.

Summary Judgment pursuant to Fed. R.Civ.P. 56 is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 274 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation*, 805 F.2d 342 (10th Cir.1986). In *Celotex*, 477 U.S. at 317, 106 S.Ct. at 2549, 91 L.Ed.2d 265 (1986), it is stated:

> "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. and on which that party will bear the burden of proof at trial."

To survive a motion for summary judgment, nonmovant "must establish that there is a genuine issue of material facts ..." Nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita v. Zenith*, 475 U.S. 574, 585, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

Plaintiff contends in his motion for summary judgment that the assessment imposed by the government should be void as a matter of law because the assessment was levied during Plaintiff's pending bankruptcy, thereby violating the automatic stay provisions of the bankruptcy code.

Defendant, in objecting to plaintiff's motion, states that recent case law has determined that certain violations of the bankruptcy stay are merely voidable, not void. *In re Brooks*, 79 B.R. 479 (9th Cir. BAP 1987), aff'd on other grounds, 871 F.2d 89 (9th Cir.1989); *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir.1989).

Defendant cites *In re Schwartz*, 119 B.R. 207 (Bankr. 9th Cir.1990), Case No. 90–35830, a case similar to the one at bar, in which the Bankruptcy Appellate Panel held that assessment of Section 6672 penalties during bankruptcy, in violation of the automatic stay provisions, was voidable and not void because the debtors did not challenge the tax assessment during the original bankruptcy proceeding. The panel went on to state "such actions (violations) are voidable in the sense that the act is unenforceable and can be avoided or declared when the question is properly presented." *Id.* at 210, 211.

However, *Schwartz, supra,* was recently reversed on the very issue urged by the IRS, i.e. that an assessment levied during the automatic bankruptcy stay is merely voidable and not void. *In re Schwartz*, 954 F.2d 569 (9th Cir.1992). The *Schwartz* opinion pointed out the majority of cases treating stay violations as merely voidable, involved technical, not-substantive violations. It reasoned that an IRS assessment, which imposes a lien upon all the taxpayers property, is a substantive violation of the bankruptcy automatic stay.

Further, the *Schwartz* court held the view that Congress intended violations of the automatic stay to be void and that nothing in the Bankruptcy Code or the legislative history "suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off unlawful claims." *Id.* The *Schwartz* court concluded the great weight of authority supported its view, citing among others cases, *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir.1990).

Defendant states that at no time during the bankruptcy proceeding did the plaintiff challenge the tax assessment or assert that the IRS had violated the automatic stay, citing *In re Oliver*, 38 B.R. 245, 247

(Bankr.D.Minn.1984), and *In re Calder*, 907 F.2d 953 (10th Cir.1990) The record reflects no action taken by Plaintiff to challenge the assessment.

*In re Oliver* follows those decisions which rely primarily on sections 362(d) and 549 of the Bankruptcy Code to support their conclusions. As pointed out in *Schwartz*, "[T]hese Courts have reasoned that (1) the court's power under section 362(d) to annul an automatic stay and (2) the trustee's duty under section 549 to bring an action to void an unauthorized transfer are inconsistent with violations of the stay being void and thus demonstrate that violations of the automatic stay are merely voidable." This Court, as did the *Schwartz* court, finds this reasoning not sound.

This Court distinguishes *In re Calder*, 907 F.2d 953 (10th Cir.1990), which held that a debtor who failed to assert his rights under 11 U.S.C. section 362 in a timely manner was precluded from claiming protection based upon the automatic stay provisions. The *Calder* court stated that the debtor "must bear some responsibility for his unreasonable delay in asserting rights under section 362(d)." *Id.* at 957.

This Court finds no unreasonable delay on the part of Spears. If fact, Spears has stated under oath he was not even aware the IRS made the assessment occurring during the automatic stay period.[1] Moreover, this Court believes the better view, and one supported by the more cogent authority, is that an IRS assessment made during the bankruptcy automatic stay period, is void. Thus, no timely assessment has ever been made. Under the circumstances herein, the bankrupt was required to take no action relative to the void assessment.

The court concludes that Plaintiff's Motion for Summary Judgment should be and the same is hereby Granted. The Defendant's Motion for Partial Summary Judgment, on the issue of the validity of its

assessment, should be and the same is hereby DENIED.

IT IS SO ORDERED.

---

1. It is probable that Spears could be burdened with constructive notice of the IRS assessment because his Bankruptcy attorney knew or could have known of same. The IRS filed a Proof of Claim in Spears' bankruptcy proceeding.