19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re David H. FRANCK and Sharon Franck, Debtors.
ASSOCIATES FINANCIAL SERVICES COMPANY OF IDAHO, INC.,
Plaintiff-Appellant,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION (IDAHO FALLS), et
al., Defendants-Appellees.
 No. 92-36665.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1994.*
Decided March 23, 1994.
 
 1
 Before: CANBY AND T.G. NELSON, Circuit Judges, and SHUBB,*** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Associates Financial Services Company of Idaho, Inc. ("Associates") appeals from the judgment of the Bankruptcy Appellate Panel ("BAP"). The BAP held that Associates, a secured creditor in the bankruptcy proceeding below, did not have standing to challenge another creditor's alleged violation of the automatic stay.
 
 
 4
 The issue for decision is whether a secured creditor may bring an adversary action in the United States Bankruptcy Court to challenge another creditor's violation of the automatic stay.
 
 I. Factual and Procedural Background
 
 5
 The relevant facts are not in dispute. The debtors in the case, the Francks, had an interest in a piece of property located in Jefferson County, Idaho. Appellee, First Federal Savings and Loan Association ("First Federal"), held a first deed of trust on the Jefferson County property. Associates held a second deed of trust on the same property.
 
 
 6
 Debtors filed for Chapter 7 relief in 1989 in the United States Bankruptcy Court for the District of Idaho. When they entered Chapter 7, their interest in the property became part of the bankruptcy estate. On December 27, 1989, debtors were granted a discharge by the bankruptcy court. However, in the proceeding below, the bankruptcy court found no evidence that the Jefferson County property was ever abandoned from the estate by the Chapter 7 Trustee.
 
 
 7
 On April 23, 1990, First Federal filed a notice of default on its deed of trust on the Jefferson County property and a notice of trust deed foreclosure sale. The sale was scheduled for August 29, 1990. The bankruptcy court found that Associates was served with both notices and communicated directly with First Federal regarding the sale.
 
 
 8
 Prior to the scheduled sale, Associates filed a motion with the Bankruptcy Court seeking relief from the automatic stay and the right to foreclose on its second deed of trust on the Jefferson County property. On June 21, 1990, without objection from either the discharged debtors or the Chapter 7 Trustee, the bankruptcy court lifted the automatic stay as to Associates and allowed it to proceed with foreclosure of the property. At no time did First Federal seek relief from the automatic stay and the relief obtained by Associates did not extend to First Federal.
 
 
 9
 Nevertheless, First Federal's trustee's sale went forward as planned on August 29, 1990. When no other bidders appeared at the auction, First Federal purchased the property. Thereafter, First Federal sold the property to the Yardleys, who were named by Associates as defendants in the adversary proceeding below.
 
 
 10
 Associates filed the present action in bankruptcy court on February 8, 1991. Associates sought a declaration that the sale was void because it violated the automatic stay, 11 U.S.C. Sec. 362(d); avoidance of the transfer of title from debtors under 11 U.S.C. Sec. 549; a declaration that the foreclosure sale was a fraudulent transfer under 11 U.S.C. Sec. 548; and other damages, fees, and costs.
 
 
 11
 First Federal filed a motion for summary judgment. It argued, first, that the foreclosure sale was authorized by the bankruptcy court's June 21, 1990, order lifting the automatic stay and, second, that Associates lacked standing to bring the action. The bankruptcy court granted First Federal's motion on standing grounds. The court held that "the provisions of Section 362(a) ... allow only the debtor or the trustee to void actions against the debtor or property of the estate." It explained that creditors are not given any substantive or procedural rights under the Bankruptcy Code if neither the debtor nor the trustee elect to assert their rights under the automatic stay. Consequently, creditors have no right to attack violations of the stay by other parties.
 
 
 12
 Associates appealed to the Bankruptcy Appellate Panel ("BAP"). The panel affirmed in a brief memorandum citing Tilley v. Vucurevich (In re Pecan Groves of Arizona), 951 F.2d 242 (9th Cir.1991).
 
 
 13
 Associates then appealed to this court. Jurisdiction is proper under 28 U.S.C. Sec. 158(d).
 
 II. Discussion
 1. Standard of Review
 
 14
 This court reviews decisions of the BAP de novo. Romley v. Sun Nat'l Bank (In re Two "S" Corp.), 875 F.2d 240, 242 (9th Cir.1989). The Bankruptcy Court's findings of fact are reviewed under a clearly erroneous standard and its conclusions of law de novo. Magnoni v. Globe Inv. & Loan Co. (In re Globe Investment & Loan Co.), 867 F.2d 556, 559 (9th Cir.1989).
 
 2. Analysis
 
 15
 Under 11 U.S.C. Sec. 362(a), when a voluntary Chapter 7 petition is filed, eight enumerated types of actions and proceedings are automatically stayed. Each of the eight involves a claim, action, or proceeding against the debtor or an attempt to gain an interest in property of the estate. 11 U.S.C. Sec. 362(a).[1] In Chapter 7, the trustee is responsible for collecting and maintaining the property of the estate. 11 U.S.C. Sec. 704(1), (2). Because the plain language of Sec. 362(a) does not implicate the interests of creditors or any other party, only debtors and trustees are permitted to challenge violations of the automatic stay.
 
 
 16
 As the BAP correctly recognized, the disposition of this appeal is controlled by this court's decision in Pecan Groves, supra. In that case, this court confronted, for the first time, "the question of whether a creditor can attack violations of the automatic stay." 951 F.2d at 245. Its conclusion was unambiguous:
 
 
 17
 The trustee is charged with the administration of the estate for the debtor's and creditor's benefit.... Here, the trustee has not appealed the adverse ruling of the trial court. No other party may challenge this ruling. We therefore hold that a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay.
 
 
 18
 Id. (emphasis added).
 
 
 19
 Notwithstanding the fact that a violation of the automatic stay is indeed void, as opposed to merely voidable, Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir.1992), a party must have standing to bring an alleged violation of the stay to the bankruptcy court's attention. In order for a federal court to act, some party must appear before it, explain what has occurred, and ask the court do something about it. That party must, in all cases, have standing.
 
 
 20
 A party seeking relief under the automatic stay provision must have standing in two respects: constitutional standing and standing under the Bankruptcy Code. City of Farmers Branch v. Pointer (In re Pointer), 952 F.2d 82, 85 (5th Cir.), cert. denied sub nom. Pointer v. Carrollton-Farmers Branch Indep. School Dist., --- U.S. ----, 112 S.Ct. 3035 (1992). It is clear that a secured creditor has constitutional standing when another creditor violates the automatic stay: it suffers a palpable injury, which can be traced to the other creditor's allegedly unlawful conduct, and can be redressed by the bankruptcy court. Id. (citing Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984)).
 
 
 21
 Under the Bankruptcy Code, only a party that Congress has designated a beneficiary of the stay has standing to bring an action to declare a violation of the stay void. James v. Washington Mut. Sav. Bank (In re Brooks), 871 F.2d 89, 90 (9th Cir.1989).[2] This court, in Pecan Groves, clearly held that the only legal beneficiaries of the stay are the debtor and the trustee. 951 F.2d at 245. This proposition is clear from the language of Sec. 362(a), which by its terms only protects the debtor and the property of the estate from the enumerated threats.
 
 
 22
 In a practical sense, of course, the automatic stay does operate to the benefit of the creditors because it provides for the orderly distribution of the property of the debtor's estate. However, the fact that individual creditors might incidentally benefit from the automatic stay or be injured in some way by its violation does not give those creditors standing under the Bankruptcy Code to bring an action claiming the stay was violated. If creditors wish to complain of a violation of the stay they must speak to the bankruptcy court through the trustee.
 
 
 23
 Because the court holds that creditors do not have standing to challenge other creditors' alleged violations of the automatic stay in an adversary action before the bankruptcy court, the judgment of the Bankruptcy Appellate Panel is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William B. Shubb, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 11 U.S.C. Sec. 362(a) provides:
 Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of--
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 (2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title;
 (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
 (4) any act to create, perfect, or enforce any lien against property of estate;
 (5) any act to create, perfect, or enforce against property of the estate any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
 (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
 (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
 (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
 11 U.S.C.A. Sec. 362(a) (emphasis added).
 
 
 [2]
 In In re Brooks, the trustee of a wife's bankruptcy sought to attack a violation of the automatic stay in the husband's bankruptcy case. The court held that the wife's trustee had no standing. 871 F.2d at 90. In explaining its decision, the court used language which could be read to suggest that creditors have standing to assert violations of the automatic stay:
 As discussed, [the automatic stay] was imposed for the benefit of the debtor of that estate and its creditors. However, the trustee of Mrs. Brooks' estate is not asserting that Mrs. Brooks was a creditor of Mr. Brooks' bankruptcy estate or that she joined in his petition under 11 U.S.C. Sec. 302 so as to become a joint debtor of the estate.
 Id.
 The suggestion that a creditor might have had standing to challenge the automatic stay was dictum in Brooks. As discussed above, when this court squarely addressed the issue it held that creditors do not have such standing. Pecan Groves, 951 F.2d at 245.